UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK COENMANS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BAKON BAKKERIJMACHINES USA CORPORATION and LUC IMBERECHTS,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-cv-00678-LK<br><br>ORDER TO SHOW CAUSE |

　　　　This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

　　　　Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). "If at any time before final

ORDER TO SHOW CAUSE - 1

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendants Bakon Bakkerijmachines USA Corporation and Luc Imberechts removed this case from Whatcom County Superior Court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–2 (citing 28 U.S.C. § 1332); *see also id.* at 3 (claiming that because this action "is between citizens of different states (Washington for the Plaintiff, and California as to the Defendant) and the amount in controversy, exclusive of interest or costs, exceeds $75,000, this Court has original jurisdiction over the subject matter of Plaintiff's Complaint pursuant to 28 U.S.C. § 1332(a)"). Specifically, Defendants alleged that Plaintiff Frank Coenmans "is a resident of the State of Washington and is currently residing in the State of Washington," that Bakon "is a California corporation," and that Imberechts "resides in the State of California." *Id.* at 2–3. The removal notice further stated that this case "satisfies the amount in controversy requirement because it involves monetary claims

ORDER TO SHOW CAUSE - 2

valued by [Coenmans] to be worth more than $75,000 as [he] alleges possible punitive damages exceeding twice the amount of $53,[]559.56 and attorneys fees and costs." *Id.* at 3.

However, the record does not establish that diversity jurisdiction exists. The removal notice and other filings state that Coenmans is a resident of Washington and Imberechts is a resident of California. *See id.* at 2–3; Dkt. No. 1-1 at 1–2; *see also* Dkt. No. 4 at 2; Dkt. No. 10 at 2. But for purposes of diversity jurisdiction, an individual's state citizenship is determined by one's domicile or permanent home, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not equivalent to citizenship."). Furthermore, the record does not indicate Bakon's citizenship other than that it is a "California corporation." Dkt. No. 1 at 2–3; Dkt. No. 1-1 at 1; *see also* Dkt. No. 4 at 1; Dkt. No. 10 at 2. A corporation is a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (a pleading "must include allegations of both the state of incorporation and the principal place of business of corporate parties").

Accordingly, within 14 days of the date of this Order, the parties are ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. Failure to do so will result in remand. In addition, as soon as practicable and no later than 14 days from the date of this Order, Bokan must file an amended corporate disclosure statement complying with Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1. If it fails to do so, the Court may impose sanctions.

Dated this 18th day of June, 2024.

Lauren King
United States District Judge