UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK COENMANS, | CASE NO. 2:24-cv-00678-LK |
| Plaintiff, | ORDER IMPOSING SANCTIONS |
| v. | |
| BAKON BAKKERIJ MACHINES, USA CORPORATION et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' response to its February 21, 2025 Order to Show Cause. Dkt. No. 30. As explained below, the Court imposes sanctions for Defendants' violations of its order requiring them to meet and confer with Plaintiff and submit a joint status report. Dkt. No. 28.

On February 13, 2025, the Court denied two pending discovery-related motions—one to extend deadlines and one to compel responses—because the parties had not adequately met and conferred. *Id*. The Court ordered the parties to meet and confer and submit a joint report explaining what they accomplished by February 20, 2025. *See id.* Only Plaintiff's counsel submitted anything by that deadline; in that submission, she explained that "Defendants' counsel continues to refuse

to reasonably communicate and confer," which forced her to "prepare this unilateral [status report] from the airport during a layover" on the due date to attempt to comply with the Court's order. Dkt. No. 29 at 3–4.

The Court then ordered Defendants to show cause why they should not be sanctioned for failing to comply with the Court's prior order and why counsel for Defendants should not pay the fees incurred by Plaintiff in preparing the status report. Dkt. No. 30 (citing LCR 11(c)).[1]

Since then, Plaintiff's counsel filed a declaration showing that she spent 1.5 hours at an hourly rate of $400 preparing her solo status report for a total of $600 in fees. Dkt. No. 31-1 at 2. Defendants' counsel filed a response arguing that sanctions (including an award of fees) are not warranted. Dkt. No. 33 at 5.[2] The response includes 137 pages of exhibits. Dkt. Nos. 34–43. However, counsel again violated court rules by failing to mark any of these exhibits "to designate testimony or evidence referred to" in his filings. LCR 10(e)(10). "Judges are not like pigs, hunting for truffles buried in the record," *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (cleaned up); litigants, rather than courts, "must ferret out and articulate the record evidence considered material," *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) (cleaned up).

Local Civil Rule 11(c) provides that "[a]n attorney or party who without just cause fails to comply with . . . an order of the court . . . may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs

---

[1] The Court also once again ordered the parties to meet and confer on Plaintiff's motion to compel and required that Defendants include in their response to the Court's order to show cause a statement certifying that the parties had met and conferred and describing what was accomplished. *Id.*

[2] Defendants' counsel then separately filed a status report describing the outcome of the parties' meet and confer; the report explains that the parties were able to agree on a significant number of items in dispute and further informed the Court that they have agreed to mediate in late April or early May and are in the process of selecting a mediator. Dkt. No. 32 at 1–2.

ORDER IMPOSING SANCTIONS - 2

and may be subject to such other sanctions as the court may deem appropriate." To justify an award of fees under this District's local rules, the Court must find that Defendants' counsel acted in bad faith or willfully disobeyed the Court's order. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989); *see also Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 18999842, at *8 (W.D. Wash. Dec. 6, 2022), *report and recommendation adopted*, 2023 WL 1860663 (W.D. Wash. Feb. 9, 2023). Although there is no evidence of bad faith here, the record does show that Defendants' counsel willfully disobeyed the Court's order. The Court ordered *both* parties to meet and confer and required that the parties submit a *joint* statement describing what they accomplished. Dkt. No. 28. Defendants' counsel did neither of those things, despite being on notice of the Court's order and February 20 deadline.

Here are the relevant facts: The Court issued its order on February 13, setting a deadline of February 20 to meet and confer and file a joint status report. Less than two hours after the Court's order was posted, Plaintiff's counsel emailed Defendants' counsel with her availability to meet and confer. Dkt. No. 29-1 at 2–3. Having not received any response, she emailed again the next day, again providing her availability (including by making herself available over the weekend) and noting that "[w]e MUST confer by, and have the joint report drafted prior to February 20." Dkt. No. 29-2 at 2. She also wrote: "I am letting you know that Thursday, February 20 - the day we are required to file the Joint Report - I am traveling all day and will not be available for any last minute issues[.]" *Id.* After receiving no response for several days, Plaintiff's counsel emailed again on February 19 (the day before the deadline) emphasizing that they must meet and confer, reiterating her availability for that day, and reminding Defendants' counsel that she was travelling all day on Thursday, the Court's deadline. Dkt. No. 29-1 at 2. Defendants' counsel then waited until the end of the day on Wednesday (after 9:22 p.m.) to respond: "Usually in this situation you would write a letter (or email) to me telling me which answers you think are deficient and why. Then, we agree

ORDER IMPOSING SANCTIONS - 3

on a time and date to meet and confer over the phone." *Id.*; Dkt. No. 37 at 2. Given the timing sensitivities—which Defendants' counsel did not seem to grasp and certainly did not acknowledge—Plaintiff's counsel offered to call him on the phone the next day (on the day of the Court's deadline), during her layover. Dkt. No. 29-1 at 2; Dkt. No. 38 at 2 ("[A]s I repeatedly told you, I am travelling today and I am about to leave for the airport. I will attempt to call you this afternoon, if am able to, during my layover. I expect this will be around 2–3 PM which is my best estimate at this time. I will be in a very busy, and noisy, airport and this is not my preference whatsoever to be forced to do this way, however you have left me no choice.").

No phone call took place, and the parties disagree over whose fault that is. Plaintiff's counsel has submitted phone records suggesting she tried to call three times, Dkt. No. 45-1 at 2, and Defendants' counsel has submitted his own call log suggesting he never received any calls, Dkt. No. 40 at 2. Even so, Defendants' counsel made no attempt to call Plaintiff's counsel. Dkt. No. 33 at 2–3. Instead, he waited until 4:30 p.m. (when Plaintiff's counsel had told him she would once again be in the air) to email her about the call. Dkt. No. 41 at 2.[3] Because Defendants' counsel did not receive any calls that day, he "held off on informing the court of anything until [he] had further information." Dkt. No. 33 at 3. And yet Plaintiffs' counsel, despite having a busy travel day, managed to file a solo report explaining that the parties had not met and conferred and describing her efforts to do so. Dkt. No. 29.

The Court rejects Defendants' counsel's attempt to treat its order as optional. He provides no legitimate reason for ignoring Plaintiff's counsel's emails until the night before the Court's

---

[3] This email complains that Plaintiff "keep[s] sending anything [defense counsel] write[s] to the court," and notifies Plaintiff's counsel that because of this, Defendants' counsel "do[es] not trust [her] anymore." Dkt. No. 41 at 2. This lack of professionalism on the part of Defendants' counsel falls well below that expected in this District. *See* Introduction to the Local Civil Rules ("The judges of this district expect a high degree of professionalism from the lawyers practicing before them. . . . There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case.").

ORDER IMPOSING SANCTIONS - 4

deadline. Although he explains that he wanted to find a time "when [he] could have [his] assistant on the phone with [him] to take notes," Dkt. No. 33 at 2, nothing in the record suggests that he was even remotely cooperative in finding a time before the deadline that worked for both parties, and if he needed more time, he could have sought an extension. It is not up to him to "hold off" on complying with a Court order because he feels like it. For these reasons, the Court finds that Defendants' counsel willfully disobeyed its Order, and ORDERS him to personally pay attorney's fees in the amount of $600 to Plaintiff.

The Court finds that Plaintiff's counsel's hourly rate and time spent are reasonable, considering (among other things) the time and labor required; the nature of the issue; the skill required to submit the required joint status report; counsel's customary fee; time limitations imposed by the circumstances; the amount involved; the experience of Plaintiff's counsel; and awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[4]

The Court warns counsel that it will not hesitate to impose additional sanctions for future violations of its orders, the Local Civil Rules, or other applicable law. Defendants chose to avail themselves of a federal forum by removing this case, Dkt. No. 1, and the Court expects them to fully abide by this forum's rules.

Dated this 24th day of March, 2025.

Lauren King
United States District Judge

---

[4] *See also* Dkt. No. 31 at 1–3 (explaining that Plaintiff's counsel has 23 years of experience, specializes in employment law, and has a standard hourly rate of $400); *see also Perez v. Allstate Fire & Cas. Ins. Co.*, No. C23-0681-KKE, 2024 WL 776028, at *2 (W.D. Wash. Feb. 26, 2024) (finding rate of $545 for an attorney of 15 years' experience reasonable); *Su v. United States Postal Serv.*, No. 3:23-CV-05007-RJB, 2024 WL 278961, at *4 (W.D. Wash. Jan. 25, 2024) (finding rate of $550 for 21 years' experience reasonable); *Hanson v. County of Kitsap, Wash.*, No. 13-5388 RJB, 2015 WL 3965829, at *4 (W.D. Wash. June 30, 2015) (approving a $400 hourly rate for an attorney with over 20 years of experience).