UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK COENMANS, | CASE NO. 2:24-cv-00678-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| BAKON BAKKERIJMACHINES USA CORPORATION et al., | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

The Court STRIKES Defendants' Motions to Amend Answer and for Leave to File Motion for Summary Judgment, Dkt. Nos. 49, 53, and all accompanying declarations, Dkt. Nos. 50–52, 54–55, because the motions are procedurally improper.

The Local Civil Rules require that "[t]he argument in support of the motion . . . shall be submitted as part of the motion itself" and "shall not be made in a separate document." LCR 7(b)(1); *see also* Fed. R. Civ. P. 7(b)(1)(B). Here, the factual argument in support of the motions

is contained only in the declarations, not in the motions themselves, which violates Local Civil Rule 7. *See* Dkt. Nos. 49–51, 53–54. Furthermore, each motion omits the certification of word count required by Local Civil Rule 7(e)(6).

The submissions also violate Local Civil Rule 5(f), which states that "[n]o certificate of service is required when a paper is served on a represented party by filing it with the ECF system," and that when proof is service is required (and it was not here), "it shall be made by a certificate or acknowledgment of service on the document itself," not in a separately filed document. LCR 5(f); *see* Dkt. Nos. 52, 55.

Finally, Defendants' motion to amend their pleading violates Local Civil Rule 15(a), which requires the party seeking leave to amend to "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." *See* Dkt. No. 51.

The Court previously warned counsel for Defendants "that it will not hesitate to impose additional sanctions for future violations of its orders, the Local Civil Rules, or other applicable law. Defendants chose to avail themselves of a federal forum by removing this case, Dkt. No. 1, and the Court expects them to fully abide by this forum's rules." Dkt. No. 47 at 5.

Defendants' counsel is ORDERED TO SHOW CAUSE why he should not be sanctioned for his continued failures to follow the applicable rules. *See* Dkt. Nos. 12, 28, 30, 47. The Court further ORDERS Defendants' counsel to provide a copy of this Order to his clients. Within seven days of the date of this Order, counsel shall certify by valid, signed declaration that he has done as instructed.

//

//

1 | The Court cautions that Defendants' counsel's repeated violations of applicable law fall well below the standards of professional conduct expected in this district, *see* Local Civil Rule 83.3(a), and future violations may result in discipline under Local Civil Rule 83.3(c) and additional sanctions.

Dated this 6th day of May, 2025.

                                        Ravi Subramanian
                                        Clerk

                                        */s/Natalie Wood*
                                        Deputy Clerk